**TEXAS STATE BANK & TRUST CO. v. PATEE, et al.**

No. 10184.

Court of Civil Appeals of Texas. San Antonio.

Dec. 22, 1937.

1158

Ocie Speer, of Austin, for appellant.

T. H. Burruss, of Corpus Christi, Frank W. Steinle and A. N. Steinle, both of Jourdanton, H. H. Schuenemann, of Kenedy, and Boone, Henderson, Boone & Davis, of Corpus Christi, for appellee.

SLATTON, Justice.

Texas State Bank & Trust Company, appellant, sued L. L. Patee and D. W. Hill upon a bill of exchange in the sum of $1,-453.15. Hill made default, Patee answered and impleaded Henry Kellner and others, and deposited into court the sum of $1,-453.15. A jury trial resulted in a judgment denying the bank a recovery upon the bill of exchange, disbursing the fund which had been deposited into court between the bank and the impleaded defendants, and allowing Patee a recovery of $300 as attorney's fees out of the fund.

In answer to special issues, among other things, the jury found that Hill and the bank entered into a conspiracy for the purpose of defrauding the impleaded defendants of their cotton, and that, at the time of the receipt of the bill of exchange by the bank, the bank had actual knowledge of facts showing that its action in taking the instrument amounted to bad faith. The bank, by its several propositions, complains of the action of the trial court in refusing its requested summary instructions, its motion for judgment, and challenges the sufficiency of the evidence to support the conspiracy charge. The evidence shows that D. W. Hill was in the cotton business in Corpus Christi for a period of at least two years prior to the happening of the events involved in this suit; that during that period he used the appellant bank through which his cotton business was transacted; that he incurred two sizable losses in the cotton business and thereby became indebted to the appellant bank through overdrafts; that after the second loss Hill moved his business into the bank's building and thereafter his account was restricted by the bank, and his business completely checked each and every day by the cashier of the bank. In fact, the bank told him when to buy and when to sell, and had access to his books, including the bills of lading and cotton tickets. The arrangement of Hill with the bank was to purchase cotton in Corpus Christi, and its trade territory, and to draw drafts against the bank with cotton tickets attached and to sell such cotton and deposit the proceeds of such sale in the bank. The evidence showed the cotton of the impleaded defendants was purchased by Hill and draft drawn upon the bank with bills of lading attached. These drafts were deposited by the various impleaded defendants at their respective banks situated in Goliad, Kenedy, and Karnes City, Tex. The evidence shows that it would require from three to five days for these drafts to reach the appellant bank in Corpus Christi. These drafts were refused by the bank and were never paid by the bank nor Hill. The impleaded defendants' cotton was sold by Hill to Patee and the bill of exchange was given in payment. The evidence seems to be without dispute that it was the custom in Corpus Christi and its territory that a bill of exchange given in payment for cotton was accepted by the purchaser of said cotton, and that, when such cotton arrived at Corpus Christi, the purchaser, after checking the cotton and the title thereto, accepted the bill of exchange the second time and paid the same. The bill of exchange in suit was accepted at the time of the purchase of the cotton, but before the bill's payment Patee learned of the conflicting claims of the bank and the impleaded defendants and refused payment thereof.

According to the evidence, Hill agreed to pay the impleaded defendants, as well as others, about $2.50 per bale more than the market price existing on the dates of the various purchases. There is evidence tending to support the theory that at the time and immediately before the transaction in question the bank and Hill conceived the idea of turning down and refusing payment of all of Hill's drafts which had been issued in payment for cotton and to wrongfully allow Hill to sell the same and to deposit the proceeds in the appellant bank, and for the bank to apply such proceeds upon Hill's indebtedness to it.

■ We think the evidence is sufficient to support the theory of a conspiracy, and we are also of the opinion that the evidence is sufficient to support the jury's finding of bad faith, on the part of the bank at the time it received the bill of exchange sued upon. Hensley v. Waco Drug Co., Tex.Civ.App., 18 S.W.2d 778.

There was no error in the trial court's refusal of appellant's request for summary instructions, and the denial to appellant of its motion for judgment, and the trial court correctly submitted the issue of conspiracy to the jury.

■ By subsequent propositions appellant claims the evidence shows, without dispute, that it was a holder in due course of the bill of exchange, and relies upon the rule that an antecedent or pre-existing debt constitutes value. The rule asserted is sound enough, but is inapplicable here, for the reason that the jury found, upon sufficient evidence (and in addition to the conspiracy), that the bank, at the time of its receipt of the Patee bill of exchange, had sufficient knowledge of the facts to constitute the acceptance thereof being in bad faith. According to the verdict of the jury, the bill of exchange was a part of a scheme on the part of Hill and the bank to defraud the owners of the

cotton of their property. The evidence shows that Hill purchased cotton of the various impleaded defendants for cash, well knowing at the time that the bank would not honor the drafts. To permit the bank to claim as a holder in due course of this bill of exchange would permit them to receive fruits of their own fraud. This court will not sanction such a doctrine. It seems to be the rule that where it is shown that the holder of a bill of exchange has a defective title, that one claiming to be a holder from him in due course, for value, has the burden of so proving. The bank did not attempt to offer such evidence. Free v. Smith, Tex.Civ.App., 80 S.W.2d 419.

■■ The bank next complains of the action of the trial court in overruling its pleas in abatement. The pleas presented the questions of improper joinder of parties and causes of action. It is true the bank's cause of action was on the bill of exchange which was given in payment of cotton by Patee to Hill. Under the evidence Hill had no title to the cotton, for the reason that he had not paid for it. Patee refused payment of the bill of exchange, because of the conflicting claims to the cotton, as well as its purchase price. Two of the impleaded defendants had filed suits against Patee, and others were threatening to sue. Under the evidence the impleaded defendants had a cause of action against Hill and the bank on the theory of conspiracy, and had a cause of action against Hill and Patee and the bank as for conversion. They could also affirm the sale of their cotton and recover the proceeds. The cause of action asserted by the parties to the suit grew out of the same transaction. The same evidence was appropriate for or against the parties. The joinder of the impleaded defendants avoided a multiplicity of suits. Under our liberal system, we are of the opinion that the trial court did not abuse his discretion in allowing Patee to implead the various claimants of the proceeds of the sale of the cotton, and in overruling appellant's pleas in abatement

challenging such action. 32 Tex.Jur. p. 104, § 66; 1 Tex.Jur. p. 639, § 33.

The seventh proposition presented by the appellant complains of the action of the trial court in the manner of submission of the issue of conspiracy, claiming, in effect, that, as submitted, undue prominence was given by the court to the plea of conspiracy. It is questionable whether this objection was made in the trial court, but, assuming that it was, we perceive no injury to appellant in the manner in which the trial court submitted such issues.

■ By the eighth proposition the appellant complains that the trial court erred in holding (impliedly) that the bank was not a holder of the bill in good faith, since such issue was not submitted nor requested by the appellees and was thereby waived. Appellant seems to overlook special issue No. 22, which is a finding of bad faith on the part of the bank at the time it received the bill.

■ Finally, it is contended by the appellant that the judgment is erroneous in that it allowed Patee a recovery of $300 as attorney's fees, upon his bill of interpleader. The cases seem to hold that the equitable right of interpleader is available to a party when he can show: that he has been subjected to the conflicting claims of two or more persons, and that the claims relate to the same debt or property; that he is liable to one of the claimants but is honestly in doubt as to which of them has the prior right; that he is entirely impartial in the matter; that he has not become independently liable to any of the claimants; that the dispute among the claimants is not due to his fault. 25 Tex Jur. p. 52 et seq., § 3.

We are of the opinion, under the facts of this record, that a bill of interpleader was available to Patee, and that the trial court did not err in allowing him reasonable attorney's fees.

The judgment of the trial court is affirmed.